UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NICHOLAS A. PAYTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE No. 1:09-cv-222 |
| | ) |
| AARON FIKE, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

In this 42 U.S.C. § 1983 case, the Plaintiff Nicholas A. Payton alleges that the Defendant Deputy Aaron Fike used excessive force in arresting him following a high-speed pursuit on the night of August 12, 2007.[1] This matter is now before the Court on the Motions in Limine filed by Payton (Docket #37), and by Fike (Docket #38) on September 29, 2010, as well as Payton's October 6, 2010, Supplemental Motion in Limine. (Docket # 44.) For the reasons provided, the Motions in Limine will each be GRANTED IN PART and DENIED IN PART.

## I. NATURE OF AN ORDER IN LIMINE

"A motion in limine is a request for guidance by the court regarding an evidentiary question." *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). "Federal district courts have the power to exclude evidence *in limine* pursuant to their authority to manage trials." *Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (citation omitted).

"[A]s the term 'in limine' suggests, a court's decision on such evidence is preliminary in

---

[1] The facts of this case are more fully discussed in the Court's August 24, 2010, Opinion and Order denying the Defendant's Motion for Summary Judgment. (*See* Docket # 30.)

nature and subject to change." *Id.*; *see United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion in limine is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial"). In fact, the Seventh Circuit Court of Appeals has specifically noted that "a ruling [*in limine*] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer." *Connelly*, 874 F.2d at 416 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Thus, a ruling on a motion in limine is not a final ruling on the admissibility of the evidence which is the subject of the motion, *see Wilson*, 182 F.3d at 570-71; rather, an order on a motion in limine is essentially an advisory opinion, "merely speculative in effect." *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

## II. THE PLAINTIFF'S MOTIONS IN LIMINE

### A. Unopposed Portions of Payton's Motions in Limine

The Defendant did not raise any objection to paragraphs 1, 3, 6, 7, and 8 of Payton's Motion in Limine, concerning any settlement negotiations; "send a message" arguments in opening or closing statements; the Town of Waterloo Police Department's protocol, standard operating procedures, or policies; the possibility of Payton seeking attorney's fees if he prevails; and the tax considerations to residents of Waterloo or DeKalb County as a result of a verdict in Payton's favor. Consequently, Payton's Motion will be GRANTED as to these matters.

## B. Payton's Criminal History

Payton next seeks to prevent Fike from introducing any evidence about his criminal history, arguing that there is nothing in his history that could be used to impeach him under Federal Rule of Evidence 609. (Pl.'s Mot. 1.) Fike agrees that Payton has not committed any impeachable offenses under Rule 609, but nevertheless argues that Payton's criminal history is relevant to the issue of damages. (Def.'s Resp. 1-2.) Specifically, Fike argues that because Payton is seeking damages for emotional distress, the jury should be able to hear about his September 6, 2008, arrest for minor consumption, which, in Fike's view, also contributed to Payton's emotional distress. (Def.'s Resp. 1-2.)

Payton counters that his request for emotional distress damages is strictly limited to those arising from the August 2007 incident and those that occurred within a reasonable time thereafter. He claims that he is not seeking damages for emotional distress that may have been caused by the minor consumption charge. Rather, Payton argues that Fike is merely trying to circumvent Rule 609 and introduce the minor consumption misdemeanor charge.

At this point, Payton's Motion will be GRANTED with respect to this evidence. The September 6, 2008, minor consumption arrest occurred more than one year after the August 2007 incident. If Payton is only seeking damages for emotional distress that occurred during and within a relatively short time after his August 2007 arrest, the minor consumption arrest is likely irrelevant and must be excluded from evidence under Federal Rule of Evidence 403. This matter may, like all matters addressed in an *in limine* order, be reassessed at trial upon the request of counsel outside the presence of the jury.

### C. Fike's Narrative Report

Payton next seeks to exclude any narrative reports by Fike or any other officers, arguing that they are biased, prejudicial, and constitute inadmissible hearsay. (Pl.'s Mot. 2.) Fike counters that his narrative report is not hearsay and is not unreliable. (Def.'s Resp. 2-5.) He also argues that the report is admissible under the public records exception to the hearsay rule of Federal Rule of Evidence 803(8). (Def.'s Resp. 3-4.) Finally, Fike contends that the report should be admissible for the purpose of refreshing his recollection. (Def.'s Resp. 3.)

At this juncture, Payton's Motion in Limine is GRANTED with respect to this evidence. Presumably, any narrative reports may ultimately be admissible, at least in part, under Federal Rule of Evidence 803(8), although certain hearsay statements within the reports may need to be redacted. Without having an opportunity to rule in the context of the trial, the admissibility of the documents and the prejudicial effect of the imbedded statements cannot be ascertained. Counsel are directed to confer in an effort to reach a stipulation concerning suitable redactions. Moreover, until Fike has laid a proper foundation, he may not use the document to refresh his recollection or read the document into evidence under Rule 803(5).

### D. Evidence of Any "Uncharged Misconduct"

Payton also moves to preclude any evidence of "uncharged misconduct," summarily arguing that "Federal Rule of Evidence 404(b) prohibits the admissibility of other crimes, wrongs, or acts to prove the character of [the Plaintiff] or show action in conformity therewith." (Pl.'s Mot. 2.) As Fike points out in his Response Brief, however, neither Payton's Motion nor his Reply Brief specify what "uncharged misconduct" Payton is actually referring to and it is not even clear if Payton is referring to the August 2007 incident. (Def.'s Resp. 5.)

4

At this point in time, therefore, Payton's Motion is GRANTED IN PART and DENIED IN PART. In an excessive force case, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Accordingly, the jury is entitled to hear a full account of the events leading up to and surrounding Fike's use of force against Payton. *See Richman v. Sheahan*, 512 F.3d 876, 882 (7th Cir. 2008); *Smith v. Ball State Univ.*, 295 F.3d 763, 770 (7th Cir. 2002). However, any evidence about Payton's actions prior to or after the incident is, at least on this record, irrelevant to whether Fike's use of force against Payton on the night of August 12, 2007, was objectively reasonable and therefore will be excluded.

*E. The Criminal Charges Brought Against Payton*

In his Supplemental Motion in Limine, Payton asks the Court to exclude all "[e]vidence of any criminal charges, police reports, narratives, plea agreements, or any other evidence concerning the alleged crimes and any and all relevant paperwork . . . including charging information." (Pl.'s Supplemental Mot. 1.) He argues that the question of whether or not Fike had probable cause to arrest him is irrelevant to the objective reasonableness of Fike's use of force. Similarly, Payton argues that the charges later brought against him by the prosecutor are irrelevant to the reasonableness of Fike's use of force on the night of August 12, 2007. In the alternative, Payton argues that if the criminal charges against him are admitted, the Court should inform the jury that all but the speeding violation were eventually dismissed.

The Court agrees with Payton that neither the charges brought against him, nor their ultimate resolution, should be admitted. Payton is not making a false arrest or malicious

prosecution claim. The only issue in dispute is whether, in light of the facts and circumstances known to him at the time, Fike's use of force against Payton was objectively reasonable. *See Graham*, 490 U.S. at 397; *Sallenger v. Oakes*, 473 F.3d 731, 742 (7th Cir. 2007). Whether or not Payton was later charged with a crime is irrelevant to whether the amount of force Fike used in arresting him was excessive. Furthermore, significant prejudice or confusion could arise if the jury seeks to retroactively gauge the reasonableness of Fike's use of force against the knowledge that criminal charges were later lodged by the prosecuting attorney. *See* Fed. R. Evid. 403.

Fike will, however, be permitted to testify about why he arrested Payton, as that would be relevant to the reasonableness of the force used. Fed. R. Evid. 402; *Larsen v. Barrientes*, No. 1:09-cv-55, 2010 WL 2772325, at *2 (N.D. Ind. July 12, 2010); *Starks-Harris v. Taylor*, No. 1:08-cv176, 2009 WL 2970382, at *3 (N.D. Ind. Sept. 4, 2009). Accordingly, Payton's Motion is GRANTED IN PART and DENIED IN PART with respect to this evidence.

### III. THE DEFENDANT'S MOTION IN LIMINE

*A. Unopposed Portions of Fike's Motion in Limine*

Payton did not raise any objection to paragraphs 1, 2, 6, and 8 of Fike's Motion in Limine, concerning any settlement negotiations, the existence of any insurance coverage for the claim against Fike, any evidence that Payton did not have a prior criminal record, and any testimony or evidence from any witness regarding the credibility or veracity of other witnesses. Consequently, Fike's Motion will be GRANTED as to this evidence.

*B. Any Testimony that Payton's Booking Photo Was Altered*

Fike seeks to preclude any evidence suggesting that Payton's booking photo was altered or changed in any way or that other special photographic techniques were used. He argues that

6

such testimony can only be given by an expert and Payton has failed to designate an appropriate expert. (Def.'s Mot. 3.) Payton responds that he does not intend to offer any testimony that the booking photograph was altered, but that he merely plans to testify that he does not believe that the photo accurately portrays how he looked after his arrest. (Pl.'s Resp. 1.)

In his reply, Fike concedes that Payton can testify that he does not think the booking photo accurately depicts the way he looked after his arrest, but he reiterates his argument that Payton cannot offer any opinion about why the photo might appear different. Fike's position is correct. Payton may testify that he does not believe the booking photo is a fair representation of the way he looked, but he may not offer any opinion or speculation about *why* the photo is allegedly different. Accordingly, the Court GRANTS IN PART and DENIES IN PART Fike's Motion in Limine with respect to Payton's booking photo.

*C. Argument that Fike Was Required to Use the Least Amount of Force*

Fike next seeks to prevent any argument that he was required to use the "least amount" of force in arresting Payton. Rather, Fike argues that the objective reasonableness of the force used must be gauged in light of the facts and circumstances known to him at the time. (Def.'s Mot. 4.) In his response, Payton indicated that he does not intend to offer any testimony that Fike was required to use the least amount of force. Rather, Payton intends to challenge the reasonableness of the amount of force by testifying about the circumstances and context in which it was used against him.

Fike's Motion will therefore be GRANTED with respect to this evidence and Payton may not argue that Fike was required to use the least amount of force. Both parties will, of course, be permitted to testify about the totality of the circumstances under which Fike used force against

Payton.

*E. The Dismissal of the Criminal Charges Against Payton*

Fike also asks the Court to prevent Payton from introducing any evidence that most of the charges brought against him were eventually dismissed. As previously discussed, neither the criminal charges brought against Payton nor their ultimate disposition will be introduced into evidence. Fike's Motion is therefore GRANTED, and any evidence that the charges against Payton were eventually dismissed will be excluded.

*F. Send a Message Arguments*

Finally, Fike argues that Payton should not be able to make any argument to the jury that it should "send a message" with its verdict. (Def.'s Mot. 6-7.) Payton counters that because he is seeking punitive damages against Fike, he should be allowed to ask the jury to award damages with the goal of deterring similar conduct in the future—in effect, to "send a message." (Pl.'s Resp. 3-4.) In his Reply, Fike concedes that "send a message" arguments are permissible in the context of punitive damages, but argues that they must be strictly limited to any punitive damages award. (Def.'s Reply 2.)

Accordingly, Fike's Motion is GRANTED IN PART and DENIED IN PART with respect to this evidence. Payton may make "send a message" arguments to the jury, but only in the limited context of his request for punitive damages.

**IV. CONCLUSION**

For the foregoing reasons, Payton's Motions in Limine (Docket ## 37, 44) are GRANTED IN PART and DENIED IN PART, and Fike's Motion in Limine (Docket # 38) is also GRANTED IN PART and DENIED IN PART.

8

It is therefore ORDERED that counsel, those acting on behalf of the parties, and any witnesses shall not refer to the matters excluded pursuant to this Opinion and Order, either directly or indirectly, during voir dire, opening statements, interrogation of witnesses, objection, arguments, closing statements, or otherwise, without first obtaining permission of the Court outside the presence or hearing of the jury. Counsel are further ORDERED to warn and caution each and every one of their witnesses to strictly follow these instructions.

SO ORDERED.

Enter for the 15th of October, 2010.

S/Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge